SARAH J. HEARNE, *Adm'x*, *versus* JOHN HEARNE.

Proof that the defendant, as trustee of the plaintiff, at a time named, deposited in a certain savings bank, a certain sum of money; that the money was delivered to the defendant by the plaintiff; and that, upon demand by the plaintiff, the defendant refused to pay over the money, is not sufficient to sustain *indebitatus assumpsit* for money had and received.

ON EXCEPTIONS.

ASSUMPSIT for money had and received.

After the plaintiff had put in all his testimony, the presiding Judge, upon motion of the plaintiff's counsel, ordered a nonsuit, and the defendant alleged exceptions. The remaining facts sufficiently appear in the opinion.

*Chisholm & G. A. Emery*, for the plaintiff, cited

*Hall* v. *Marston*, 17 Mass., 579; Chitty on Con., 604; *Wiseman* v. *Lyman*, 7 Mass., 288; *Lockwood* v. *Kelsea*, 41 N. H., 185; Com. on Con., part 2, c. 4, §§ 1 & 7; *Moore* v. *Maudlebaum*, 8 Mich., 433; *Blood* v. *Wood*, 3

Hearne *v.* Hearne.

Cush., 416; *Low* v. *Thorndike*, 20 Pick., 317; *Conant* v. *Kimball*, 21 Pick., 36; *Jennison* v. *Hapgood*, 7 Pick., 7; *Arms* v. *Ashley*, 4 Pick., 71; *Hobson* v. *Hall*, Peake, 172; *Richardson* v. *Woodbury*, 43 Maine, 213; *Cowan* v. *Wheeler*, 25 Maine, 280.

*E. B. Smith*, for the defendant.

TAPLEY, J.—The plaintiff is administratrix of the estate of Luther Hearne, who was a brother of the defendant. The action is assumpsit, and, if sustained, it must be done by proof of a promise, express or implied, and a failure to comply with the terms of that promise.

Admitting all the evidence offered, as if no objection had been made to its reception, we find it proves or sustains three positions : —

1. That this defendant, as trustee of Luther Hearne, in July and September, 1864, deposited a certain sum of money in the Saco & Biddeford Savings Institution.

2. That this money was delivered to the defendant by said Luther.

3. That upon demand made by the plaintiff, as administratrix, the defendant refused to pay her the money.

Does the maintenance of these several propositions entitle the plaintiff to recover in this action?

Is there anything in these facts which shows that the defendant was under legal obligation to pay this money, or any portion of it, to this plaintiff upon her demand?

The plaintiff shows by the evidence she adduced, that the money she seeks to obtain was held by the defendant, as the trustee of Luther Hearne in his lifetime. She further offered to prove that the money was delivered to the defendant by said Luther.

It will be noticed this was not an offer to prove that he did not hold as trustee, but rather to show that when it came into the defendant's hands, as trustee, it came by the manual delivery of Luther.

The mere proof of delivery of money by one to another,

·has often been held to be insufficient to support this action, the presumption being that it was delivered as a payment of a preëxisting liability. 2 Greenl. Ev., § 112.

If, therefore, this offer or evidence stood disconnected from the other proofs offered, it was not sufficient to sustain the plaintiff's action. Taken, however, in connection with the other evidence in the case, the presumption that it was delivered as a payment of a preëxisting debt is rebutted, and the fact that it was received, subject to the terms of some trust, is made apparent.

It cannot matter from whom the money was actually received, if, when received, it was delivered to, and received by the defendant, to be by him held or expended in the execution of some trust. This offered evidence was material only so far as it tended to confirm the other evidence, that it was held upon some trust and not as a loan.

The plaintiff also proved a demand upon the defendant for the money and a refusal by him to pay the same over to her. No inference of a promise or liability can be drawn from this fact. It was a very distinct denial of liability.

We therefore find the case resolves itself into this inquiry, can a plaintiff recover in assumpsit, when he shows that the defendant holds money as his trustee, without showing the conditions of the trust, and that, by its conditions, the defendant is bound to pay him the same upon demand?

We think he cannot; and, in the consideration of such a question, it should be noticed that it presents an entirely different case from that where the plaintiff presents a *prima facie* case of liability, without disclosing the fact of the existence of a trust, and the defendant seeks to avoid by establishing the relation of trustee and *cestui que trust.* A *prima facie* liability being established, the burden rests upon the defendant, and he must show the relation, and such a trust or situation of the trust funds, as excuses him from liability in this form of action.

In the case under consideration it is the plaintiff who shows the relation; she proves as fully the fact that the

money was held by the defendant as the trustee of Luther, as she does that he held it at all.

Holding the money as trustee, where is the evidence that it was upon such terms as to make him liable at all in this form of action, and more especially to this plaintiff upon her demand simply? It is quite apparent none appears in the report of the case.

Does the law raise any promise from the mere relation of trustee and *cestui que trust*, without any evidence concerning the character of the trust and the condition of the trust fund? Clearly, it does not. The very fact that such a relation existed between the parties raises the inference that the liability is contingent. Whenever the character of the trust shall be shown, it may, or may not appear, that a contingency has arisen or happened, rendering the defendant liable to an action of assumpsit. Until his liability is made to appear by legitimate evidence, neither Court or jury can adjudge him liable. Whatever the character and terms of the trust may be, there is no evidence that it has not been, or is not being performed according to its terms. In the absence of all evidence to the contrary, the law presumes this trustee is executing his trust in a lawful manner.

If the plaintiff knows the terms and conditions of the trust, she should show them and such other facts as entitle her to maintain this action. If she does not know the conditions upon which it was received, and held, she may seek the information by some of the appropriate methods provided in such cases. By whatever form she proceeds, she must establish the defendant's liability to pay her before she can recover. The burden is upon her.

The numerous authorities, to which our attention has been directed, in no degree conflict with the views here expressed. The general rule is undoubtedly correctly expressed by the counsel for plaintiff, that, "when a person has in his hand money, which in equity and good conscience belongs to, and ought to be paid to another, assumpsit for money had and received will lie."

Mr. Greenleaf says, the count for money had and received, "may in general be proved by any legal evidence, showing that the defendant has received, or obtained possession of the money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff." 2 Greenl. Ev., § 117.

The difficulty in the plaintiff's case lies in the want of proof that this money ought to be paid to her.

The cases of trust funds to which our attention has been called were cases where the terms of the trust, and the facts concerning its execution were proved. No case is referred to where this action has been sustained when it was shown by the plaintiff that the money was held by the defendant under a trust, the terms and conditions of which were undisclosed. But, on the other hand, the authorities cited by the learned counsel for the plaintiff, declare that the plaintiff must affirmatively prove the trust closed, and show distinctly a title to the balance. Comyn on Con., part 2, c. 4, 301.

If it appeared the trust was closed, there is no evidence a balance remains. Were both these facts proved or admitted, there is no evidence that the title to the balance is in the plaintiff. None of these things, however, appear in this case.

Mr. Greenleaf further says, "if the money has been deposited in the hands of a trustee for a specific purpose * * it cannot be recovered back in this action till the trust is satisfied." 2 Greenl. Ev., § 119.

There is no pretence or evidence that the money was loaned to the defendant, or that it came to his hand in any illegal or improper manner, but the evidence is, that it was delivered to him by his brother Luther for some purpose, unknown by, and unexplained to the Court. The Court cannot assume that the trustee is acting *male fide*, but must presume the reverse.

There being no evidence adduced of a breach of any promise by the defendant, express or implied, the jury

would not have been warranted in finding a verdict against him, and the nonsuit was properly ordered.

The view we have taken of the case renders the consideration of the objections urged against the admissibility of portions of the testimony of the plaintiff's witness, Burnham, unnecessary. We have thought it more for the interest of the parties to render our decision upon the whole evidence offered than upon such fragments as may have been found admissible.     *Exceptions overruled.*

*Nonsuit confirmed.*

KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.